T.C. Memo. 2001-219

UNITED STATES TAX COURT

JOHN NORMAN FAVERO AND PATRICIA CAROLYN FAVERO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10427-99.                          Filed August 13, 2001.

John Norman Favero and Patricia Carolyn Favero, pro sese.

Roger W. Bracken, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  Respondent determined
deficiencies of $3,154, $3,881, and $6,723 in petitioners'
Federal income taxes for taxable years 1995, 1996, and 1997,[1]

---

[1]  The statutory notice of deficiency for 1997 pertains only
to petitioner John Favero (Mr. Favero).  Petitioners filed
jointly their Federal income tax returns for 1995 and 1996, but
Mr. Favero filed separately for 1997.

respectively.  In addition, respondent determined accuracy-related penalties under section 6662(a)[2] of $630.80, $776.20, and $1,344.60 for taxable years 1995, 1996, and 1997, respectively.

After concessions,[3] the issues for decision are:  (1) Whether petitioners may exclude from gross income the amounts petitioner John Favero (Mr. Favero) received as compensation in 1996 and 1997 working as a merchant seaman for various U.S. corporations and/or businesses as either combat zone compensation or foreign earned income; (2) whether petitioners are entitled to deduct expenses on Schedule C, Profit or Loss From Business, of $12,087 in 1995; (3) whether petitioners are entitled to deduct expenses on Schedule E, Supplemental Income and Loss, beyond those allowed by respondent in 1995 and 1996; (4) whether

---

[2]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

[3]  Petitioners concede that they are not entitled to a capital loss in 1995, they are not entitled to deductions for moving expenses in 1995 or 1996, and they are not entitled to the mortgage interest expense deductions of $2,000 and $1,800 claimed as itemized deductions in 1995 and 1996, respectively.  Mr. Favero concedes that he is not entitled to expenses, other than a mortgage interest expense of $1,459, claimed as deductions on Schedule E of his 1997 return; he is not entitled to the mortgage interest expense deduction of $1,800 claimed as an itemized deduction in 1997; and he is not entitled to the real estate tax deduction of $500 claimed as an itemized deduction on his 1997 return.  Petitioners concede that Mr. Favero received unemployment compensation of $3,003 in 1995 and that Mrs. Favero received Social Security payments of $5,247 in 1995 and $5,890 in 1996.  Other adjustments in the notices of deficiency are computational adjustments to petitioners' itemized deductions based on respondent's other adjustments.  These computational adjustments are not contested and therefore not before the Court.

petitioners may file a joint return after filing separate returns for the 1997 tax year; and (5) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for 1995, 1996, and 1997.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Virginia Beach, Virginia, at the time their petition was filed with the Court.

Petitioners are a married couple who filed joint Federal income tax returns for tax years 1995 and 1996. Petitioners, however, filed 1997 returns separately. Petitioner Patricia Favero's (Mrs. Favero) 1997 return is not in issue in this case. Since December 31, 1994, petitioners have been citizens and residents of the United States.

During the years in issue, Mr. Favero was employed by U.S. corporations and/or businesses as a sailor on board merchant ships. He was a member of the Seafarers International Union (SIU) and received his ship assignments from the union hall located in Norfolk, Virginia. The headquarters of SIU is located in Camp Springs, Maryland. Mr. Favero has not filed any tax returns for any tax period since December 31, 1994, with any foreign country, nor has he paid tax to any foreign country.

Mr. Favero filed Forms 1116, Foreign Tax Credit, with his 1995, 1996, and 1997 tax returns and claimed foreign tax credits in the approximate amount of the wages he earned as a merchant seaman.[4]  In 1996 and 1997, Mr. Favero claimed foreign earned income exclusions for the approximate amount of wages he earned as a merchant seaman.

In 1995, petitioners filed a Schedule C claiming a loss of $13,210.  The principal business listed on the Schedule C is "Other Apparel + Accessory Stores".  No income was reported from the business.  In 1995 and 1996, petitioners filed Schedules E reporting net losses of $1,420 in 1995 and $2,870 in 1996 from the rental of real estate.

Respondent determined petitioners are not entitled to foreign earned income exclusions for the years in issue and disallowed $12,087 of the Schedule C deduction petitioners claimed in 1995.  Respondent also disallowed the following expenses petitioners claimed on their Schedules E:  (1) Auto and travel expenses of $2,000 in 1995 and $1,500 in 1996; (2) an insurance expense of $2,000 in 1996; and (3) mortgage interest expenses of $388 in 1995 and $244 in 1996.

---

[4]  Because petitioners had taxable income of zero after claiming itemized deductions and exemptions for each of the 3 years, they were unable to use the foreign tax credit to offset their U.S. income tax liability.  Respondent, therefore, made no adjustments in the notices of deficiency for the foreign tax credits petitioners claimed.

Petitioners argue that they are entitled to exclude Mr. Favero's wages as combat zone compensation or as foreign earned income.  They also argue that they are entitled to Schedule C deductions for Mrs. Favero's "cottage industries".

### Discussion

Gross income includes all income from whatever source derived unless otherwise specifically excluded.  Sec. 61(a). Section 112 provides that certain compensation received by members of the Armed Forces of the United States serving in combat zones or hospitalized as a result of injuries received in such zones shall not be included in gross income.  Section 7701(a)(15) defines "Armed Forces of the United States" to include "all regular and reserve components of the uniformed services which are subject to the jurisdiction of the Secretary of Defense, the Secretary of the Army, the Secretary of the Navy, or the Secretary of the Air Force, and each term also includes the Coast Guard."  Mr. Favero does not allege that he falls within this definition.  Mr. Favero was a civilian employed as a merchant seaman by U.S. businesses in 1995, 1996, and 1997.  Mr. Favero was not a member of the Armed Forces of the United States during the years in issue; thus he does not qualify for the section 112 combat zone exclusion.  See Land v. Commissioner, 61 T.C. 675, 679 (1974).

Likewise, Mr. Favero does not qualify for the foreign earned income exclusion.  Section 911(a) provides that a qualified individual may exclude from gross income a certain amount of his foreign earned income.  Sec. 911(b)(2)(A).  A qualified individual is an individual whose tax home is in a foreign country and who is either:  (1) A citizen of the United States who establishes to the satisfaction of the Secretary that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year; or (2) a citizen or resident of the United States who, during any period of 12 consecutive months, is present in a foreign country or countries during at least 330 full days in such period.  Sec. 911(d)(1).  An individual's tax home for purposes of applying section 911 is the same as an individual's tax home for purposes of section 162(a)(2), relating to traveling expenses while away from home.  Sec. 911(d)(3).  An individual does not have a tax home in a foreign country for any period for which his abode is within the United States.  Id.  Petitioners have not provided any evidence suggesting that Mr. Favero is a qualified individual or that his wages during the years in issue constitute foreign earned income.  Petitioners, therefore, do not qualify for the section 911(a) foreign earned income exclusion.

With respect to the Schedule C deduction petitioners claimed on their 1995 return for Mrs. Favero's "cottage industries",

petitioners have failed to provide any evidence establishing that Mrs. Favero's claimed expenses were incurred for business purposes. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 262(a), however, provides that no deduction is allowed for personal, living, or family expenses. Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Mrs. Favero's testimony was vague, and the copies of checks and receipts submitted as evidence of her business expenses provide no basis to determine the nature of the expenditures. Petitioners, therefore, are not entitled to the Schedule C deductions disallowed by respondent.

Petitioners likewise have failed to establish they are entitled to Schedule E expenses beyond those allowed by respondent. Although section 212 allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year for the management, conservation, or maintenance of property held for the production of income, nothing in the record establishes that the expenses disallowed by respondent were incurred. At trial, Mrs. Favero indicated that some of the copies of checks and receipts she submitted into evidence related to the automobile expenses claimed on petitioners' Schedule E. As with the Schedule C expenses, the copies of checks and receipts

provide no basis to determine the nature of the expenditures. The records fall far short of meeting the strict substantiation requirements of section 274(d) which apply to deductions relating to the use of passenger automobiles. Secs. 274(d)(4), 280F(d)(4)(A)(i); 1.274-5T(c)(1) and (2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). Petitioners failed to address any of the other Schedule E expenses disallowed by respondent. Consequently, we uphold respondent's determinations regarding petitioners' Schedule E expenses in 1995 and 1996.

At trial Mr. Favero stated that petitioners would like to file their 1997 Federal income tax returns jointly. Petitioners filed separate 1997 returns. Mr. Favero was issued a notice of deficiency for his 1997 tax year, and Mr. Favero filed a petition with the Court challenging respondent's determinations with respect to his 1997 tax year. Section 6013(b)(2)(B) provides that a joint return may not be filed after a separate return has been filed and "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213". Petitioners, therefore, may not file a joint return for their 1997 tax year.

Respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) for each of the years at issue. Section 6662(a) imposes a penalty of 20 percent of the portion of an underpayment attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and "disregard" is defined as any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b), Income Tax Regs.

The accuracy-related penalty does not apply if petitioners had reasonable cause for the underpayment and acted in good faith with respect to the underpayment. Sec. 6664(c)(1). Whether a taxpayer acted with reasonable cause and in good faith is determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor generally is the extent of the taxpayer's effort to assess his proper tax liability. Id. An honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances may indicate reasonable cause. Id.

Petitioners did not address the accuracy-related penalties at trial.  Petitioners claimed double deductions for the same expenses, moving expenses when they never moved, a capital loss when no such loss occurred, Schedule C and Schedule E deductions for which they kept no decipherable records, and foreign earned income exclusions for which they did not qualify.  Nothing in the record establishes that petitioners had reasonable cause to claim these deductions and exclusions, and we are not persuaded petitioners acted in good faith.  Petitioners therefore are liable for the accuracy-related penalties as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.